IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| HASSAN JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:20-cv-00249 JUDGE RICHARDSON |
| CHRISTOPHER WICKING, et al., | ) ) | |
| Defendants. | ) ) | |

## **ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Docket No. 17), to which no Objections have been filed.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *Hart v. Bee Property Mgmt.*, Case No. 18-cv-11851, 2019 WL 1242372, at *1 (E.D. Mich. March 18, 2019). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, Case No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

The Court has reviewed the Report and Recommendation and the file. The Report and Recommendation is modified in part and adopted and approved in part as follows.

Defendant Wicking's Motion to Dismiss (Doc. No. 13) sought dismissal of the claims against him with prejudice, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. Plaintiff did not respond to Defendant Wicking's Motion. The Local Rules of Court provide that failure to file a timely response to a motion shall indicate that there is no opposition to the motion. Local Rule 7.01(b). Nonetheless, both the Sixth Circuit and this Court have held that a district court cannot grant a motion to dismiss pursuant to Rule 12(b)(6) simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion to ensure that he has discharged his burden. *Loyde v. Ryker*, Civil No. 3:13-1223, 2014 WL 4657478 at * 2 (M.D. Tenn. Sept 17, 2014) (*citing Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)); *see also Spier v. Coloplast Corp.*, 121 F.Supp.3d 809, 810 (E.D. Tenn.). The Court is still required to analyze the sufficiency of the allegations of the complaint, which are accepted as true at this stage of the proceedings. *Tyers v. GM Fin.,* Case No. 18-11604, 2018 WL 3458753, at *2 (E.D. Mich. July 18, 2018).

Certainly the fact that Plaintiff did not respond to this Motion to Dismiss has been considered by the Court, but as noted failure to respond does not mean Defendant's Motion is automatically granted. Moreover, because the relief Defendant Wicking sought was dismissal *with prejudice* pursuant to Rule 12(b)(6), the Court will not grant the requested relief based upon its *sua sponte* dismissal of this action *without prejudice* pursuant to Rule 41(b) (discussed below) for Plaintiff's failure to prosecute; instead, it will determine whether to dismiss the claims against Defendant Wicking *with prejudic*e based on Plaintiff's alleged failure to state a claim against Defendant Wicking.

Based on the original Complaint in this action, the Court found, for purposes of initial review, that Plaintiff had sufficiently stated a First Amendment retaliation claim against Defendant

Wicking in his individual capacity and allowed that claim to proceed. (Doc. No. 5 at 7). The Court found, however, that Plaintiff's requested relief—that Wicking be fired—was relief the Court had no authority to grant. (*Id.*). Accordingly, the Court stated, "Plaintiff will therefore need to amend his complaint to request appropriate relief." (*Id.*)

Plaintiff then filed an Amended Complaint (Doc. No. 7), adding claims, additional requested relief, [1] and additional Defendants, but failing to name Wicking again as a Defendant; Plaintiff instead referred to Wicking as being a Defendant in a "still pending" previous lawsuit, although this purported "other" lawsuit strangely was identified as having the same case number as this action. Thereafter, Plaintiff filed a second Amended Complaint ("SAC") (Doc. No. 10), again referring to Wicking only as being a Defendant in a previous lawsuit that, oddly, was identified as having the same case number as this action.

Although Plaintiff does not expressly name Wicking as a Defendant in the SAC, the Court, considering Plaintiff's *pro se* status and the allegations in all three of Plaintiff's complaints, will interpret Plaintiff's SAC as attempting to incorporate Plaintiff's original Complaint in this matter. (Doc. No. 1). For purposes of Defendant Wicking's Motion, then, the Court assumes that Plaintiff's retaliation claim against Wicking still remains.

Plaintiff has alleged that he filed a complaint under the Prison Rape Elimination Act ("PREA") against Defendant Wicking and Wicking retaliated by filing a Disciplinary Incident Report against Plaintiff one week after Plaintiff filed the PREA complaint. (Doc. No. 1 at 7; *see also id.* at 12). As this Court previously found, to state a First Amendment claim for retaliation,

---

[1] Plaintiff's requested relief in the SAC includes punitive damages of $5 million and compensatory damages of $5 million. (*Id.* at 18).

3

Plaintiff must alleged that (1) he engaged in protected conduct, (2) Defendant took an adverse action against him that is capable of deterring a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by Plaintiff's protected conduct. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010).

Viewing the entirety of Plaintiff's complaints in the light most favorable to Plaintiff, as the Court must do on a motion to dismiss, the Court finds that Plaintiff sufficiently stated a claim for retaliation against Defendant Wicking. Plaintiff has alleged that he engaged in protected conduct by filing a PREA complaint against Wicking; he has alleged that, in response, Wicking filed a disciplinary report against Plaintiff; and he has alleged that the disciplinary action was motivated by Plaintiff's filing of the PREA complaint. Indeed, the disciplinary report related directly to Plaintiff's filing of the PREA complaint. (Doc. No. 10 at 12). Defendant Wicking has failed to demonstrate that these allegations are insufficient. Accordingly, Defendant Wicking's Motion to Dismiss (with prejudice), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim is denied.

Nonetheless, however, for the reasons stated in the Report and Recommendation, this entire action[2] (all claims against all Defendants, including Defendant Wicking) is **DISMISSED** without prejudice for failure to prosecute and failure to comply with the Court's orders.

The Clerk is directed to close the file. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58.

---

[2] The district court has the power under Fed. R. Civ. P. 41(b) to enter a *sua sponte* order of dismissal. *Sumpter v. Boyd Cty., Kentucky*, Civil Action No. 20-86-DLB, 2020 WL 7212569, at *1 (E.D. Ky. Dec. 7, 2020) (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE